Electronically FILED by Superior Court of California, County of Los Angeles on 03/26/2021 12:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams Deputy Clerk
Case 2:21-cv-03652-PA-MAR   Document 1-3   Filed 04/29/21   Page 1 of 15   Page ID #:22
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

MICHAEL MALK, ESQ., APC
Michael Malk, Esq. (State Bar No. 222366)
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210
mm@malklawfirm.com

Attorneys for Plaintiff William Pavlu

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

| | |
|---|---|
| WILLIAM PAVLU, an individual,<br><br>         Plaintiff,<br><br>   v.<br><br>UNIVERSAL TELEVISION, LLC, a New York Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>         Defendants. | CASE NO: 21STCV11744<br><br>**COMPLAINT FOR:**<br><br>1. **DISABILITY DISCRIMINATION**<br>2. **WRONGFUL TERMINATION (FEHA);**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>4. **FAILURE TO REIMBURSE PERSONAL EXPENSES; AND**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   INTRODUCTION

PLAINTIFF William Pavlu (hereinafter referred to as "Plaintiff), individually, by and through his undersigned attorney, brings this Complaint against Defendants Universal Television, LLC ("Universal"), and DOES 1 through 100 (Universal and Does 1 through 100 will be collectively referred to as "Defendants"). Plaintiff respectfully alleges the following:

Plaintiff brings this action on behalf of himself against Defendants for their blatant

*Plaintiff's Complaint*
1

violations of the Fair Employment and Housing Act and California Labor Code, as alleged herein.

## II.   JURISDICTION AND VENUE

1.   Venue is proper in this county under California Business and Professions Code § 17203 and California Code of Civil Procedure §§ 395(a) and 395.5. Defendants operate at least one studio in Los Angeles County. Moreover, the underlying events took place in Los Angeles, thus venue in Los Angeles County is appropriate. The unlawful acts alleged herein have a direct effect on Plaintiff.

2.   Defendants are within the jurisdiction of this Court. Defendants transact thousands of dollars of business in the State of California. Defendants were at all times relevant hereto an enterprise subject to the jurisdiction of the State of California.

3.   Plaintiff asserts no claims arising under federal law. Rather, Plaintiff brings causes of action based solely on, and arising from, California law. These claims arise from Defendants' common and systemic failure to comply with the FEHA and California Labor Code.

## III.   PARTIES

4.   Plaintiff was a non-exempt employee of Defendants. He was, at all relevant times, a resident of the State of California.

5.   At all times herein mentioned, Plaintiff is informed, believes, and there upon alleges that Defendants maintained its business at 100 Universal City Plaza, Bldg 2120. Universal City, CA 91608. Plaintiff worked for Defendants on the Hacks set based at Paramount Studios located at 5515 Melrose Ave, Los Angeles, CA 90038.

*Plaintiff's Complaint*
2

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as Does 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. Plaintiff is informed and believes that each of the Doe Defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

## SUMMARY OF ALLEGATIONS

7. Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the co-defendants, in doing the things hereinafter alleged, was acting within the course, scope and under the authority of his/her agency, employment, or representative capacity, with the consent of her/his co-defendants.

### Facts Supporting Violation Disability Discrimination, and Wrongful Termination

8. Defendants most recently employed Plaintiff on the set of two separate television shows: Mythic Quest and Hacks as a Chief Rigging Technician, and he was in charge of the electric department.

9. On or around Friday, December 4, 2020, Plaintiff woke-up feeling sick. He called-in sick and stayed home from work. Defendants sent a nurse to Plaintiffs' home to administer a COVID test, which was ultimately positive. Plaintiff took leave for COVID. During the week of

December 7, 2020, Plaintiff spoke with Unit Production Manager ("UPM") Melanie Bukowski, who assured Plaintiff that he would not be fired for taking leave for COVID.

10.  While Plaintiff was on leave with COVID, Defendants hired a replacement for him.

11.  Plaintiff's condition worsened, and he was admitted to the hospital. On December 14, 2020, while Plaintiff was still in the hospital, one of Plaintiff's superiors – First Unit Gaffer Chris Faulkner – informed Plaintiff that he was being fired. Faulkner informed Plaintiff, "I spoke with [Line Producer] Morgan [Sackett], but he is unwilling to bring you back after the break. I'm real sorry about this. Let me know if I can help in any way." Line Producer Sackett approved the decision to terminate Plaintiff for having COVID, and for his COVID-related disability leave.

12.  Plaintiff sent a text message to UPM Melanie Bukowski on December 14, 2020 stating:

> So last week when I spoke with you, you assured me I wasn't being fired for getting Covid. Today I'm in the hospital. My Lungs are filled up. 2 of my guys have went to the hospital this last week. We are all out on Covid. Today I get a text saying we are all let go from the gaffer. So I Have to tell my whole crew that this is our for Covid, and right before Christmas we're all fired because of this virus. This is probably the most messed up thing any production has done to me. Or I've heard of. Words don't describe how I feel about you guys right now.

Bukowksi did not respond.

**Facts Supporting Defendants' Failure to Reimburse Employee Expenses**

13.  Plaintiff provided his own tools to use in connection with his work for Defendants. Plaintiff entered into a rental agreement with Defendants wherein Defendants agreed to pay Plaintiff $50 per day to rent Plaintiff's tools starting on October 20, 2020. The agreement listed the tools and their respective values, totaling $10,300:

*Plaintiff's Complaint*
4

a. Milwaukee drill set: $450

b. Drill bit set and driver set: $150

c. Extra battery set: $100

d. Tools (hammers, c wrench, drivers, dikes, gloves): $200

e. Voltage tester Klien: $250

f. Swiss on dmx tester: $250

g. Dmx-it -$1,600

h. Long wall bits: $200

i. Fish hook poles: $100

j. Tool box: $500

k. Level kit: $100

l. Electric storage boxes Milwaukee: $300

m. Set cart: $1200

n. Soldering iron: $350

o. Solder and flux: $100

p. Heat lamp gun: $250

q. P- touch: $250

r. P-touch – tape: $100

s. Milwaukee t-20 staple gun: $200

t. Wire crypers: $100

u. Hand saw: $100

v. Milwaukee saw set: $300

    w.  Soco tester: $200

    x.  Apple lab top: $2,500

    y.  HP- color printer: $450

    Total: $10,300

14. Defendants ceased paying Plaintiff rental fees for his tools immediately after Plaintiff called-in sick with COVID. Because Defendants fired Plaintiff while he was out sick with COVID, Plaintiff did not have the opportunity to take his tools home with him.

15. On January 20, 2021, after Plaintiff recovered and was no longer contagious, Plaintiff sent a text message to UPM Melanie Bukowski asking if he could come to the studio to retrieve his tools. Bukowski did not respond.

16. On information and belief, Plaintiff's tools were subsequently stolen from Defendants' studio by another employee.

17. Defendants never reimbursed Plaintiff for his tools.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

**[California Government Code § 12940, et seq.]**

**(Against All Defendants)**

18. Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

19. California Government Code Section 12940(a) provides that it shall be an unlawful employment practice for an employer to discriminate against a person because of the person's

disability, or to discriminate against the person in compensation or in terms, conditions or privileges of employment.

20. In perpetrating the above-described actions, the Defendants and each of them and/or their agents/employees discriminated against Plaintiff in violation of California Government Code Section 12940. Defendants and each of them and/or their agents/employees discriminated against Plaintiff on account of her disability, and retaliated against him for requesting a reasonable accommodation.

21. As a direct, foreseeable, and proximate result of the actions of Defendants, Plaintiff suffered, and continues to suffer, severe emotional distress, loss of earnings and benefits, plus expenses incurred in obtaining substitute employment and not being regularly employed, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

22. As a result of the grossly reckless and/or intentional, malicious, and bad faith manner in which Defendants conducted themselves as described in this cause of action by willfully violating those statutes enumerated herein, Plaintiff is entitled to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently large to punish Defendants, to deter them from engaging in such conduct again, and to make an example of them to others.

23. Plaintiff is informed, believes, and based thereon, alleges that outrageous conduct of Defendants described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisors and managers and was ratified by those other individuals who were managing agents of Defendants. Furthermore, these unlawful acts were ratified by the Defendants

and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. Therefore, Plaintiff is entitled to punitive or exemplary damages from Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

24. Plaintiff exhausted his administrative remedies, and obtained a right to sue letter from the DFEH.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION

**[California Government Code § 12940, et seq.]**

**(Against All Defendants)**

25. Plaintiff re-alleges the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

26. California Government Code Section 12940(a) provides that it shall be an unlawful employment practice for an employer to discriminate against a person because of the person's disability, or to discriminate against the person in compensation or in terms, conditions or privileges of employment and that employers may not "discharge the person from employment.".

27. Defendants terminated Plaintiff because of his disability, i.e., because he had COVID, in violation of Cal. Gov. Code §12940(a), and in retaliation for taking medical leave, in violation of Cal. Gov. Code §12940(h). In perpetrating the above-described actions, the Defendants and each of them and/or their agents/employees discriminated against Plaintiff in violation of California Government Code Section 12940. Defendants and each of them and/or their agents/employees terminated Plaintiff on account of his disability, and retaliated against him

for taking short-term disability leave.

28. As a direct, foreseeable, and proximate result of the actions of Defendants, Plaintiff suffered, and continues to suffer, severe emotional distress, loss of earnings and benefits, plus expenses incurred in obtaining substitute employment and not being regularly employed, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

29. As a result of the grossly reckless and/or intentional, malicious, and bad faith manner in which Defendants conducted themselves as described in this cause of action by willfully violating those statutes enumerated herein, Plaintiff is entitled to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently large to punish Defendants, to deter them from engaging in such conduct again, and to make an example of them to others.

30. Plaintiff is informed, believes, and based thereon, alleges that outrageous conduct of Defendants described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisors and managers and was ratified by those other individuals who were managing agents of Defendants. Furthermore, these unlawful acts were ratified by the Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. Therefore, Plaintiff is entitled to punitive or exemplary damages from Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

31. Plaintiff exhausted his administrative remedies, and obtained a right to sue letter from the DFEH.

# THIRD CAUSE OF ACTION

# WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

32. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33. Under California law, no employee, whether an at-will employee or an employee under a written or other employment contract can be terminated for a reason that is in violation of a fundamental public policy. Public policy forbids any retaliatory action taken by an employer against an employee who contracts COVID and takes temporary disability leave.

34. Plaintiff is informed, believes, and based thereon, alleges that Defendants terminated Plaintiff in violation of public policy by retaliating against and terminating him for contracting COVID and for taking leave. Plaintiff took all reasonable steps by staying home from work when he had COVID symptoms, yet Defendants fired him shortly thereafter while he was in the hospital.

35. Defendants' retaliation against Plaintiff violated numerous statutes and laws, including but not limited to FEHA which prohibits employers from discharging or discriminating in any manner against employees because of the exercise by the employee of any rights afforded to him. Specifically, Cal. Gov. Code § 12940(a) provides that it shall be an unlawful employment practice for an employer to discriminate against a person because of the person's disability, or to discriminate against the person in compensation or in terms, conditions or privileges of employment. This includes making it illegal for employers to "discharge the person from employment." *Id.*

36.     Plaintiff is informed, believes, and based thereon, alleges that Defendants terminated Plaintiff for complaining about Defendants' violation of all other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large and which discovery will reveal were violated by Defendants. Moreover, Defendants violated the law by terminating and retaliating against Plaintiff for opposing Defendants' conduct in violation of those statutes and laws and also for terminating Plaintiff in violation of the statutes described in the above paragraphs.

37.     Plaintiff alleges that Defendants, and each of them, violated public policies affecting society at large, by violating the laws and statutes, as described in the above paragraphs, and by terminating Plaintiff for contracting COVID and retaliating against him for take COVID-related leave.

38.     As a direct, foreseeable, and proximate result of the actions of Defendants, Plaintiff have suffered, and continues to suffer, severe emotional distress, loss of earnings, and benefits, plus expenses incurred in obtaining substitute employment and not being regularly employed, all to Plaintiff's damages, in a sum within the jurisdiction of this court, to be ascertained according to proof.

39.     As a result of the grossly reckless and/or intentional, malicious, and bad faith manner in which Defendants conducted themselves as described in this cause of action by willfully violating those statutes enumerated herein, Plaintiff is entitled to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently large to punish Defendants, to deter them from engaging in such conduct again, and to make an example of them to others.

40. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendants described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisors and managers and was ratified by those other individuals who were managing agents of Defendants. Furthermore, these unlawful acts were ratified by the Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. Therefore, Plaintiff is entitled to punitive or exemplary damages from Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

41. This action seeks to result in the enforcement of important rights affecting the public interest, including, but not limited to:

    i. Guaranteeing that employers do not terminate employees for contracting COVID (Cal. Gov. Code §12940(a)); and

    ii. Ensuring that employers do not fire employees for taking COVID-related leave (Cal. Gov. Code §12940(a), (h)).

Under California Code of Civil Procedure §1021.5, Plaintiff is entitled to attorney's fees under California's private attorney general statue since: (1) this action seeks to result in the enforcement of an important right affecting the public interest; (2) a significant benefit will be conferred on the general public or a large class of persons; and, (3) the necessity and financial burden of enforcement of this right will be such as to make an award of attorney's fees appropriate.

///

///

*Plaintiff's Complaint*
12

## FOURTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSESS

**[Cal. Labor Code § 2802]**

**[Against All Defendants]**

42. Plaintiff re-alleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

43. Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by employees in the discharge of their duties.

44. As noted above, Defendants were aware that Plaintiff used his equipment for his job, and even had a personal contract with Plaintiff to rent the equipment at a rate of $50 per day for fifty days starting on October 20, 2020.

45. Defendants failed to return Plaintiff's equipment to him despite his request that he be allowed to retrieve the equipment. In the interim, one of Defendants' employees stole Plaintiff's equipment. Defendants failed to reimburse Plaintiff for his equipment in accordance with Labor Code § 2802.

46. As a result of Defendants' conduct, Plaintiff suffered damages in an amount, subject to proof, to the extent his equipment was not reimbursed which he used to carry out his duties for Defendants.

47. Pursuant to Labor Code § 2802, Plaintiff is entitled to recover the full amount of his unreimbursed business expenses.

48. The damages herein far exceed $25,000.

49. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

50. On the First and Second Cause of Action for violations of FEHA:

    (a) A declaratory judgment that Defendants violated California's Fair Employment and Housing Act California Government Code § 12940;

    (b) An award of compensatory damages in the amount to be determined at the time of trial, plus interests, costs and attorney's fees to the fullest extent allowable under the law;

    (c) An award of special damages which resulted from Defendant's conduct as alleged herein;

    (d) An award of general damages which resulted from Defendant's conduct as alleged herein;

    (e) An award of punitive or exemplary damages from Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial; and

    (f) An award to Plaintiff for her attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Gov't Code § 12965(b) and Cal. Code of Civil Procedure § 1021.5.

51. On the Third Cause of Action for wrongful termination in violation of public policy:

    (a) A declaratory judgment that Defendants terminated Plaintiff in violation of public policy;

    (b) An award of compensatory damages in the amount to be determined at the time of trial, plus interests, costs and attorney's fees to the fullest extent allowable under the law;

    (c) An award of special damages which resulted from Defendant's conduct as

alleged herein;

(d) An award of general damages which resulted from Defendant's conduct as alleged herein;

(e) An award of punitive or exemplary damages from Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial; and

(f) An award to Plaintiff for his attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure § 1021.5.

52. On the Fourth Cause of Action for failure to reimburse business expenses:

(a) A declaratory judgment that Defendants have violated Cal. Labor Code § 2802;

(b) An award to Plaintiff in the amount of the value of Plaintiff's tools plus interest; and

(c) An award to Plaintiff of reasonable attorneys' fees and costs.

53. For all other relief as this Court deems proper.

Dated:   March 26, 2021         Respectfully submitted,

MICHAEL MALK, ESQ. APC

By: /s/ Michael Malk
Michael Malk
Attorneys for Plaintiff

*Plaintiff's Complaint*
15