MICHAEL MALK, ESQ., APC
Michael Malk, Esq. (State Bar No. 222366)
mm@malklawfirm.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210
Attorneys for Plaintiff William Pavlu


SETH E. PIERCE (SBN 186576)
sep@msk.com
SHANDA LOWE (278602)
syl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Attorneys for Defendant
UNIVERSAL TELEVISION, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PAVLU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL TELEVISION, LLC, a New York Limited Liability Company; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-03652-PA-MARx<br><br>**JOINT RULE 26(F) REPORT**<br><br>**[FED.R.CIV.P. 26(F)]**<br><br>Judge:   Hon. PERCY ANDERSON<br>Crtm:    9A<br><br>Action Filed:    March 26, 2021<br>Date Removed:  April 29, 2021 |

# JOINT RULE 26(f) REPORT

On March 26, 2021, William Pavlu ("Plaintiff") filed a Complaint against Defendant Universal Television, LLC ("Defendant") in Los Angeles County Superior Court for employment-related causes of action (the "Complaint"). On April 29, 2021, Defendant removed the case to the United States District Court for the Central District of California. A Scheduling Conference is set before the Court on June 21, 2021. On May 3 and 26, 2021, Plaintiff, by and through his counsel of record, Michael Malk, and Defendant, by and through its counsel of record, Seth Pierce, conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff and Defendant hereby submit this Joint Report pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Civil Rule 26-1, and Judge Anderson's Scheduling Conference Order.[1]

On May 3 and 26, 2021, Plaintiff, by and through his counsel of record, Michael Malk, and Defendant, by and through its counsel of record, Seth Pierce, conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff and Defendant hereby submit this Joint Report pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Civil Rule 26-1, and Judge Anderson's Scheduling Conference Order.

1. **Brief Summary of the Case**

   *Plaintiff's Statement:*

   Plaintiff was in charge of the electric department for Defendant's television show called Hacks. On or around Friday, December 4, 2020, Plaintiff woke-up feeling sick. He called-in sick, stayed home from work, and ultimately tested positive for COVID. While Plaintiff was on leave for COVID, his symptoms worsened, and he was hospitalized. On December 14, 2020 while Plaintiff was

---

[1] The parties previously consented, per this Court's Standing Order, to this matter being heard by Magistrate Judge Karen Stevenson (ECF 16), but that consent was declined on June 7, 2021. ECF 17.

hospitalized for COVID, Defendant fired him for having COVID.  Plaintiff brings his case for disability and wrongful termination.

Plaintiff also brings a cause of action for unpaid business expenses under Cal. Labor Code Sec. 2802, as Defendant refused to return Plaintiff's personal work equipment which is valued at $10,300.

***Defendant's Statement:***

Plaintiff was the Chief Electric Rigger on the television show *Hacks* ("*Hacks*").  Production began on November 11, 2020, for a scheduled 5 week shoot.  Pavlu was an immediate and consistent source of problems on the production, primarily due to his poor planning, which led to staffing mistakes, delays, requests for rush replacements (which were very difficult to fulfill in the COVID-era, given the testing regime in place), and cost overruns, including lots of overtime.

Production management discussed and made the decision to replace Plaintiff for the Spring production schedule due to these performance issues well before Plaintiff contracted COVID and was placed on leave.  But Pavlu got sick and went on leave before this decision was communicated to him.  Indeed, the production experienced a wave of COVID positive tests (and concomitant contact tracing leaves) as part of the December 2020 surge in infections in LA County and nationwide, forcing production to shut down early for the traditional Winter hiatus.

While on hiatus, Plaintiff was informed that he would be replaced for the Spring production schedule.  Defendant's management personnel were not aware that he was in the hospital at the time he was notified.

Plaintiff's termination had nothing to do with his illness; indeed, the *Hacks* production experienced other positive tests and COVID-related leaves in the Fall of 2020, but outside of Plaintiff and his team, none of these persons were terminated.  (Plaintiff's team was not brought back for the Spring production either, but that is because, by industry custom, the Chief Electric Rigger gets to pick his own team.

**2.   Parties Likely to Be Added; Pleadings Likely to be Amended**

Plaintiff may seek to add Defendant's Producer, Morgan Sackett, as a Defendant after initial discovery.

**3.   Law and Motion Matters**

*Plaintiff's Statement:*

At this time, it is too early to determine whether dispositive motions will be required or appropriate, but Plaintiff reserves the right to file a dispositive motion.

*Defendant's Statement:*

Defendant intends to file a Motion for Summary Judgment.

**4.   Settlement Discussions**

The parties are amenable to attending a private mediation after completing initial discovery. The parties have agreed to mediate with Jeff Krivis and have scheduled the mediation for January 31, 2022, one of his earliest available dates.

**5.   Discovery Plan**

The parties have agreed to exchange Rule 26 initial disclosures by June 30, 2021. The parties plan to exchange written discovery before proceeding with depositions in the Fall. The parties would like to limit discovery to that needed to participate in a mediation, completing any remaining discovery only if the mediation fails. Similarly, Defendant intends to file a Motion for Summary Judgment, but would like to mediate first, before completing the discovery required to do so. Expert disclosures should occur no later than six weeks prior to the close of discovery. The parties do not anticipate any electronic discovery issues.

**6.   Trial**

Plaintiff has requested a jury trial and anticipates the trial lasting 10 to 14 court days, while Defendant believes a 5 to 7 day trial is more likely.

**7.   Other Case Management or Unusual Legal Issues**

At this time, the parties do not anticipate any other issues affecting the status

or management of the case. If such issues arise, the parties will promptly bring them to the Court's attention.

**8.     Proposed Dates**

The parties propose the following dates:

    **(a)**   Discovery Cut-Off Date:  April 2022

    **(b)**   Final Motion Cut-Off Date:  May 2022

    **(c)**   Pre-Trial Conference Date:  September 6, 2022

    **(d)**   Trial Date:  September 20, 2022.  (Counsel request that trial not proceed on September 26 and 27 and October 4 and 5 for religious reasons.)

Dated:     June 7, 2021                     MICHAEL MALK, ESQ., APC

By /s/ Michael Malk
Michael Malk
Attorney for Plaintiff
WILLIAM PAVLU

Dated:     June 7, 2021                     MITCHELL SILBERBERG & KNUPP LLP

By /s/ Seth E. Pierce
Seth E. Pierce
Shanda Lowe
Attorneys for Defendant
UNIVERSAL TELEVISION, LLC

**SIGNATURE ATTESTATION**

*Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: June 7, 2021             /s/ Seth E. Pierce
Seth E. Pierce